- 1 -

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT | **EXHIBIT B** |
| COUNTY OF BURLEIGH | SOUTH CENTRAL JUDICIAL DISTRICT | |
| | CIVIL NO. _____ | |

Dakota, Missouri Valley & Western Railroad, Inc.,

        Plaintiff,

vs.

National Interstate Insurance Co.,

        Defendant.

**SUMMONS**

\*\*\*  \*\*\*  \*\*\*

THE STATE OF NORTH DAKOTA TO THE ABOVE NAMED DEFENDANT

    YOU ARE HEREBY SUMMONED and required to appear and defend against the Complaint in this action, which is herewith served upon you, by serving upon the undersigned an Answer or other proper response within twenty-one (21) days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

    Dated this 26th day of September, 2011.

        SMITH BAKKE PORSBORG SCHWEIGERT & ARMSTRONG

        By _____
        Scott K. Porsborg (ND ID No: 04904)
        Sandra L. Voller (ND ID No: 06771)
        122 East Broadway
        P.O. Box 460
        Bismarck, ND 58502-0460
        (701) 258-0630

        Attorneys for Plaintiff, Dakota, Missouri Valley & Western Railroad, Inc.

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF BURLEIGH | SOUTH CENTRAL JUDICIAL DISTRICT |
| | CIVIL NO. _____ |

Dakota, Missouri Valley & Western Railroad, Inc.,

        Plaintiff,

vs.

National Interstate Insurance Co.,

        Defendant.

**COMPLAINT AND JURY DEMAND**

\*\*\*     \*\*\*     \*\*\*

Comes now plaintiff, Dakota, Missouri Valley & Western Railroad, and for its complaint against the above-named defendant, states and alleges as follows:

I.

Plaintiff, Dakota, Missouri Valley & Western Railroad (hereinafter "plaintiff"), is a corporation organized under the laws of the State of North Dakota, having its principal office in Bismarck, North Dakota.

II.

Defendant, National Interstate Insurance (hereinafter "defendant"), is a company, having its principal offices in the State of Ohio.

**GENERAL ALLEGATIONS**

III.

Plaintiff possessed a railroad commercial liability insurance policy from defendant effective February 28, 2010 through February 28, 2011.

1

IV.

Plaintiff paid monthly premiums for said policy, and all monthly premium payments were timely made by plaintiff.

V.

On or about March 25, 2010, a train operated by plaintiff, through no fault of the plaintiff, derailed near Washburn, North Dakota.

VI.

Plaintiff incurred numerous damages and expenses due to the derailment, including but not limited to, expenses associated with extricating the body of a deceased railway worker that was pinned underneath the wreckage of the derailed locomotives and environmental cleanup costs associated with the derailment.

VII.

Thereafter, plaintiff applied for reimbursement of mitigation costs and expenses under the terms of the said policy.

VIII.

The defendant refused and yet refuses to pay plaintiff for mitigation costs and expenses under the terms of the policy.

## COUNT I – BREACH OF CONTRACT

IX.

The plaintiff re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

X.

At all times relevant to this matter, the plaintiff held a railroad commercial liability policy with defendant. Plaintiff has at all times fully complied with any and all conditions under the

policy.

XI.

The resultant damages and expenses plaintiff incurred from the derailment constitutes a covered loss under the policy. The policy pays for mitigation costs and expenses.

XII.

Pursuant to the provisions of said policy, plaintiff is entitled to significant benefits and coverage which has been denied by the defendant.

XIII.

Defendant's refusal to provide reimbursement and payments for a cost associated with the derailment is a breach of contract.

XIV.

Plaintiff has been damaged by defendant's refusal to provide coverage to plaintiff, in an amount to be proven at trial, but in excess of $50,000.

## COUNT II – DECLARATORY JUDGMENT

XV.

Plaintiff re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

XVI.

Pursuant to the terms of the policy, plaintiff is entitled to, among other things, payment, coverage and benefits related to the derailment.

XVII.

Pursuant to chapter 32-23 of the North Dakota Century Code, and other applicable law, this Court is empowered to construe the insurance policy and to declare the rights, status, or other legal relations of the parties thereunder.

XVIII.

The Court should declare the rights of the plaintiff under the policy, including that the plaintiffs are entitled to repayment of mitigation costs and expenses and other work required to clean up the derailment site. Plaintiff is also entitled to recover attorney's fees incurred bringing a declaratory judgment action pursuant to State Farm Fire & Cas. Co. v. Sigman, 508 N.W.2d 323, 329 (N.D. 1993) and other applicable law.

## COUNT III – BAD FAITH FAILURE TO PAY INSURANCE BENEFITS

XIX.

Plaintiff re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

XX.

That defendant and its insurance agents, induced plaintiff to purchase insurance coverage from defendant.

XXI.

The defendant had duties, among other duties, to act fairly and in good faith in dealing with its insured, Dakota, Missouri Valley & Western Railroad, including a duty of good faith and fair dealing in paying claims, and fulfilling all other contractual obligations.

XXII.

Defendant breached their duty to deal with plaintiff in good faith by their treatment of plaintiff before and after the claim was made, and based upon their continual refusal to make payments pursuant to the terms of the said policy.

XXIII.

The defendant acted unreasonably and in bad faith in its handling of the plaintiff's claims for coverage under the policy. The defendant acted in bad faith, including but not limited to the

following conduct: (1) denying, without proper cause, payment of coverage amounts it was legally obligated to pay under said policy, and (2) asserting non-justified and non-legitimate grounds for denying coverage which the defendant knew or should have known were not valid or legitimate reasons for denying coverage under its policy.

XXIV.

As a result of the bad faith conduct of defendant and its agents, plaintiff sustained damages in an amount to be proven at trial, but in excess of $50,000

## COUNT IV – UNFAIR AND DECEPTIVE INSURANCE ACTS AND PRACTICES

XXV.

Plaintiff re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

XXVI.

Defendant's failure to pay policy benefits was in bad faith and constituted unfair insurance practices under N.D.C.C. § 26.1-04-03, including but not limited to violations for:

1. Not attempting in good faith to effectuate prompt, fair and equitable resolution of the plaintiff's claims under the policy.

2. Compelling plaintiff to initiate this suit to resolve amounts due for policy claims.

3. Failing to pay covered claims without having a reasonable basis to do so.

XXVII.

Plaintiff is entitled under applicable law to economic and non-economic damages pursuant to Section 32-03.2-04 of the North Dakota Century Code and any other damages allowable by North Dakota law. Plaintiff is further entitled to recover reasonable attorney's fees, including but not limited to fees and costs under State Farm Fire & Cas. Co. v. Sigman, 508 N.W.2d 323, 326 (N.D. 1993), and other applicable law.

5

## COUNT V – FALSE PROMISE/MISREPRESENTATION PURSUANT TO N.D.C.C. 51-15

XXVIII.

Plaintiff re-alleges and incorporates by reference the allegations contained in all prior paragraphs.

XXIX.

Defendant made false promises and/or misrepresentations to the plaintiff regarding the coverage they would be entitled to under the respective insurance policies, including but not limited to, misrepresentations on what would be covered in the event of derailment.

XXX.

The acts and omissions of defendant constitute unlawful practices prohibited by N.D.C.C. § 51-15-02 and constitute deceptive acts, false promises, and/or misrepresentations as defined in Chapter 51-15 of the North Dakota Century Code.

XXXI.

As a result of the deceptive and misleading conduct by defendant, plaintiff is entitled to treble damages, costs and attorneys fees pursuant to N.D.C.C. § 51-15-09.

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1. Recovery of benefits due to the plaintiffs under the terms of the policy;

2. Enforcement of the plaintiffs' rights under the terms of the policy;

3. Judgment in the amount of not less than $50,000, plus prejudgment interest at the legal rate.

4. For special damages in an amount to be proven at trial;

5. For damages due to the defendant's bad faith conduct;

6. For all attorney's fees and costs;

7. For such other relief as the court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY A JURY OF THE MAXIMUM NUMBER ALLOWED BY LAW.**

Dated this 26th day of September, 2011.

SMITH BAKKE PORSBORG SCHWEIGERT & ARMSTRONG

By: _____
Scott K. Porsborg (ND ID No: 04904)
Sandra L. Voller (ND ID No: 06771)
122 East Broadway
P.O. Box 460
Bismarck, ND 58502-0460
(701) 258-0630

Attorneys for Plaintiff, Dakota, Missouri Valley & Western Railroad